

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

QUIANA MAILLIE FARROW,

Plaintiff,

v.

PATTON STATE HOSPITAL'S EXECUTIVE DIRECTOR, et al.,

Defendants.

Case No. ED CV 13-1764-CJC (SP)

MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

## I.

## PROCEEDINGS

On October 8, 2013, plaintiff Quiana Maillie Farrow, a California state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint in this Court against Patton State Hospital's Executive Director and "Roes 1-50," who are staff at Patton State Hospital. Plaintiff alleges that staff at Patton State Hospital used excessive force and were deliberately indifferent to her medical needs and safety.

The Court issued its initial order in this case on October 11, 2013, in which the Court advised plaintiff that it was screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court also advised plaintiff that "plaintiff must <u>immediately</u> notify the court (and defendants or defendants' attorneys) of any change in plaintiff's address and the effective date. If plaintiff fails to keep the court informed of a

correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2). After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found that: (1) the claims against all the named defendants are barred by State sovereign immunity under the Eleventh Amendment, since all defendants are Patton State Hospital employees named only in their official capacity; (2) the complaint did not unambiguously identify the defendants; and (3) the complaint could not state a claim against any defendant on a theory of respondeat superior and did not state a claim based on negligent supervision. Accordingly, on October 28, 2013, the Court issued an Order dismissing the complaint with leave to amend. If plaintiff wished to pursue this action, she was ordered to file a First Amended Complaint by November 27, 2013, curing the enumerated deficiencies. The Order expressly admonished plaintiff that, if she failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed.

On November 27, 2013, plaintiff moved for an extension of time to file a First Amended Complaint. The Court granted plaintiff's motion for extension of time and ordered plaintiff to file a First Amended Complaint on or before January 13, 2014.

Plaintiff failed to file a First Amended Complaint by the January 13, 2014

deadline. On February 6, 2014, the Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by February 27, 2014, and either show cause why the action should not be dismissed or, in the alternative, file a First Amended Complaint. The Court cautioned plaintiff that her failure to timely respond to the OSC will be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC. In fact, on March 14, 2014, the copy of the Court's February 6, 2014 OSC that was mailed to plaintiff at her address of record was returned to the Court as undeliverable, with a notation that plaintiff has been paroled. The Court has not received any response or other communication from plaintiff since she filed her motion for extension of time.

## II.

## DISCUSSION

The original complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's October 28, 2013 order dismissing the complaint with leave to amend. When plaintiff failed to file an amended complaint, the Court issued an OSC giving her an opportunity to show cause for her failure to prosecute or to discharge the OSC by filing a First Amended Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action without prejudice. But the OSC mailed to plaintiff was returned to the Court as undeliverable. Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies. Plaintiff has also failed to keep the Court informed of her current address, despite being directed to do so in the initial order sent to plaintiff just after she filed her complaint, so that the Court has no way to contact plaintiff. Since the OSC was mailed to plaintiff on February 6, 2014, plaintiff has evidently not been at her address of record for more than a month. Further, plaintiff has failed to respond to the OSC by the deadline to do so, perhaps not surprisingly since the OSC was returned as undeliverable. Plaintiff's failure to file a First Amended

Complaint, or to keep the Court apprised of her current address, or to respond to the Court's February 6, 2014 OSC, despite being admonished of the consequences, evidences a lack of prosecution on her part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed, has failed to notify the Court of her current address as directed, and failed to respond to the Court's February 6, 2014 OSC. Plaintiff's failure to follow the Court's orders and to prosecute her case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that she does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for her failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the Court's February 6, 2014 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation

omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) advising plaintiff in its initial order that if plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed; (2) cautioning plaintiff in its October 28, 2013 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (3) after plaintiff's extended deadline to file a First Amended Complaint passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (4) waiting more than two weeks beyond the deadline to respond to the OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

**III.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: March 20, 2014

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

SHERI PYM
UNITED STATES MAGISTRATE JUDGE